## TIMOTHY O'SULLIVAN, ADMINISTRATOR,

### v.

## THE CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY.

*Railroads—Action to Recover Damages for Death of Switch Tender, in Employ of Another Company—Instructions.*

In an action by an administrator against a railroad company to recover damages for causing the death of the plaintiff's intestate, it is *held:* That, although the deceased was in the employ of another company as switch tender, his services were of such a beneficial character to the defendant that it owed him such reasonable care and diligence, as to his personal safety, as it would owe one of its own employes engaged in the same kind of service; and that an instruction which ignored and withdrew from the attention of the jury the testimony offered under the plaintiff's theory of the case, was erroneous.

[Opinion filed November 9, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This was an action under the statute by plaintiff in error as administrator of the estate of Martin A. O'Sullivan, deceased, against the railroad company, defendant in error, to recover damages to the next of kin of said deceased, resulting from his death, which was caused, as it is alleged, by the fault and negligence of defendant, its agents and servants. Upon trial under the general issue the judgment was in favor of defendant and the plaintiff brings error to this court.

It appears from the evidence that railroad tracks extending westward from Canal Street, in the City of Chicago, on Kinzie Street to Western Avenue were, at the time in question and for a long time prior thereto, used jointly by the Pittsburg, Cincinnati & St. Louis Railroad Company and the said defendant; that near said Western Avenue there was a junction with tracks of the Chicago & Northwestern Railway Company and

tracks belonging exclusively to the defendant, which were occupied by means of a switch near by; that said Martin was employed by said Pittsburg, Cincinnati & St. Louis Railroad Company as tender thereof, and had been for about six months; that his services were beneficial to the defendant although he was employed and paid by said other company.

Evidence was given on behalf of the plaintiff tending to prove that during all the time the intestate had been serving as switch tender, there had been a regulation, rule or practice always observed, to the effect that all engines and trains going west on said tracks so in the joint use of said companies as aforesaid, should come to a stop at a certain specified distance east of said switch before proceeding; that the engine in question, being in possession and use and under the control of one Kimball as engine driver and employe of the defendant, came from the east and was proceeding westward on said tracks, so in such joint use as aforesaid, about 4:30 o'clock of the morning of April 27, 1882, and as it came near the usual place of stopping as aforesaid, Martin A. O'Sullivan, in the performance of his duties as such switch tender, came out of his switch shanty with a lantern and went in the proper direction to reach the switch; but, instead of stopping at the proper place and waiting for a signal from him, the engine driver, shut up in the cab of his engine, let it move on at the rate of about seven miles an hour without any signal from the bell or otherwise. O'Sullivan being thereby taken unawares was struck by the engine and killed.

As respected the evidence upon the regulation or practice of stopping and waiting for the signal of the switch-tender before proceeding, the evidence was conflicting, but that of defendant tended to show that there was a semaphore located near said junction, by which the employes of defendant were governed; and that the engine driver, at the time in question, was governed by it.

At the instance of the defendant the court gave to the jury the following instruction: "If the jury find from the evidence that at the time of the injury complained of, the proper semaphore signals had been given for the engines or trains of

the defendant to make the crossing of the Chicago & North-western Company's tracks, and that at such time the tracks were thrown or the switch opened necessary for making such crossing at a proper rate of speed and with due care and diligence, you should find for the defendant."

Mr. John Gibbons, for plaintiff in error.

Mr. E. Walker, for defendant in error.

McAllister, J.    Although the plaintiff's intestate was in the employment of the Pittsburg, Cincinnati & St. Louis Company at the time of the injury, yet his services were of such a beneficial character as respected the defendant, the latter owed him the duty of reasonable care and diligence as to his personal safety which it would owe to one of its own employes engaged in the same kind of service.    The plaintiff's evidence, therefore, tended to support a cause of action.    That being so the instruction which was given to the jury, at the instance of defendant, was erroneous, because it ignored and withdrew from the attention of the jury the testimony offered under the plaintiff's theory of the case, and submitted the case to the jury only upon the defendant's theory as to facts.    Such an instruction, under such circumstances of a case, has been so repeatedly condemned by the Supreme Court, it seems a waste of time to refer to the cases.    The judgment should be reversed and cause remanded.

*Judgment reversed.*